O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET WILSON AND JOHN WILSON,<br><br>               Plaintiffs,<br>    v.<br>CITIMORTGAGE and DOES 1–10, inclusive,<br><br>               Defendants. | Case No. 5:13-cv-02294-ODW(SPx)<br><br>**ORDER REMANDING CASE TO SAN BERNARDINO COUNTY SUPERIOR COURT** |

On December 13, 2013, Defendant CitiMortgage removed this case to this Court, ostensibly invoking diversity jurisdiction under 28 U.S.C. § 1332. But after considering CitiMortgage's Notice of Removal, the Court finds that CitiMortgage has failed to adequately allege Plaintiffs Janet and John Wilson's citizenship sufficient to establish diversity jurisdiction. The Court therefore **REMANDS** this case to San Bernardino County Superior Court, case number DS1313055.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may only remove a suit filed in state court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and federal "jurisdiction must be rejected if there is any doubt as to the right of removal in the

first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a). For complete-diversity purposes, a natural person's citizenship is "determined by her state of domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship.").

In its Notice of Removal, CitiMortgage alleges that "Plaintiffs are currently, and were at the time the Complaint was filed, citizens of California," based on Plaintiffs' allegations in the Complaint. (Not. of Removal ¶ 9 (citing ¶¶ 1 and 11 of the Complaint.) But nowhere in the complaint do Plaintiffs actually allege California citizenship. In fact, Plaintiffs only allege their residency in passing, asserting that "The parties, witnesses, and Plaintiffs reside within [San Bernardino] County." (Compl. ¶ 11.) While a party's residence may be prima facie evidence of that party's domicile when an action is brought in federal court in the first instance, *see State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), mere residence allegations are insufficient to establish citizenship on removal in light of the strong presumption against removal jurisdiction. *See Kanter*, 265 F.3d at 857; *Gaus*, 980 F.2d at 567.

/ / /

Neither does CitiMortgage cite any objective facts—other than the location of the subject property—to establish that the Plaintiffs are California citizens, such as "voting registration and voting practices, . . . location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

The Court therefore finds that CitiMortgage has not competently established that this Court has diversity jurisdiction over this case. The Court therefore **REMANDS** this case to the Superior Court of California, San Bernardino County, 303 W. Third Street, San Bernardino, California 92415, case number DS1313055. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

December 17, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

cc: order, docket, remand letter to San Bernardino County Superior Court , No. DS1313055